# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 8, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES STEPHENSON JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1152** (BOR Appeal No. 2047025)
(Claim No. 2010134957)

**PATRIOT COAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Stephenson Jr., by Linda Garrett, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Patriot Coal Corporation, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 30, 2012, in which the Board affirmed a February 16, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 21, 2011, decision granting Mr. Stephenson a 4% permanent partial disability award. The Office of Judges granted him a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stephenson worked as an electrician for Patriot Coal Corporation. On May 24, 2010, Mr. Stephenson injured his right foot and ankle when a shuttle car tipped over on him. Mr. Stephenson was diagnosed with a right ankle fracture, and the claims administrator held his injury compensable for that condition. Mr. Stephenson then came under the care of Jason A. Castle, M.D., who found that he was making progress. Dr. Castle also found that Mr. Stephenson demonstrated the ability to dorsiflex to neutral and had good plantar flexion strength. Prasadarao

1

B. Mukkamala, M.D., then performed an independent medical evaluation on Mr. Stephenson and found that he had 4% whole person impairment based on the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Mukkamala based this recommendation on finding 3% range of motion impairment for the ankle and 1% impairment for the hindfoot. On January 21, 2011, the claims administrator granted Mr. Stephenson a 4% permanent partial disability award based on Dr. Mukkamala's recommendation. Bruce A. Guberman, M.D., then performed an independent medical evaluation of Mr. Stephenson and found that he had 8% whole person impairment because he had 6% range of motion impairment for his ankle and 2% impairment for his hindfoot. Saghir Mir, M.D., also performed an independent medical evaluation of Mr. Stephenson and found that he had 5% whole person impairment. Dr. Mir found that Mr. Stephenson had 3% range of motion impairment for his ankle and 2% impairment for his hindfoot. On February 16, 2012, the Office of Judges reversed the claims administrator's decision and granted Mr. Stephenson a 5% permanent partial disability award. The Board of Review affirmed the Order of the Office of Judges on August 30, 2012, leading Mr. Stephenson to appeal.

The Office of Judges concluded that a preponderance of the credible medical evidence established that Mr. Stephenson had 5% whole person impairment pursuant to the American Medical Association's *Guides*. In making this determination, the Office of Judges relied on the impairment recommendation of Dr. Mir. The Office of Judges determined that Dr. Mir's 3% rating for range of motion impairment of the ankle was supported by the findings of Dr. Mukkamala. The Office of Judges also found that Dr. Mir's 2% rating for range of motion impairment of the hindfoot was supported by Dr. Guberman's report. The Office of Judges considered the higher impairment recommendation made by Dr. Guberman but found that it was not corroborated by the remainder of the medical evidence because the treatment notes of Dr. Castle showed that Mr. Stephenson had good plantar flexion strength and better range of motion for the ankle than reflected in Dr. Guberman's report. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Stephenson has not demonstrated that he is entitled to a greater than 5% permanent partial disability award for his compensable right ankle injury. The Office of Judges made its impairment determination based on the recommendation of Dr. Mir, and there is nothing in the record showing that Dr. Mir's report was not reliable. Dr. Mir based his recommendation on a physical evaluation of the range of motion in Mr. Stephenson's ankle and hindfoot and applied the American Medical Association's *Guides* to his findings. Dr. Mir's findings were supported by the record as a whole, and the Office of Judges was within its discretion in relying on his recommendation. The Office of Judges also provided adequate justification for not relying on Dr. Guberman's whole person impairment recommendation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 8, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3